## John Connolly, Appellee, v. People's Gas Light & Coke Company, Appellant.

### Gen. No. 16,942.

1. MASTER AND SERVANT—*relation.* Where a driver for one who is under contract to do teaming for a gas company works under the direction of the company but is not subject to general orders from it, he is not its servant but remains the servant of his employer.

2. MASTER AND SERVANT—*where employee becomes servant of another.* Where an employer furnishes his employee to another to do certain work and in the performance of such work he is placed under the exclusive control of the one to whom he is furnished, he becomes his servant.

3. NEGLIGENCE—*permitting pipe to be piled near tunnel.* Where a teamster delivering gas pipe to defendant gas company piles it

544    APPELLATE COURTS OF ILLINOIS.

Connolly v. People's Gas Light & Coke Co., 177 Ill. App. 543.

near the edge of a tunnel so that defendant's servant may use the appliance on the back of the wagon for cutting threads, and stumbles on a piece of pipe which falls into the tunnel injuring plaintiff, a workman, the defendant, while not liable for negligence of the teamster who is not its servant, is under a duty to exercise reasonable care to prevent pipe from falling into the tunnel, and the jury may properly find defendant guilty of negligence in permitting the pipe to be piled in such a place, and that the injury to plaintiff is caused by the combined negligence of defendant and the teamster.

4. DAMAGES—*excessive.* An award of $1,000 to a laborer for injuries consisting of a fractured skull, entailing inability to labor for a long time, cannot be held excessive.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 4, 1913. Rehearing denied and opinion modified March 17, 1913.

**Statement by the Court.** Appellee Connolly brought his action in the Circuit Court against the appellant Gas Company and one Hartwell to recover damages for personal injuries alleged to have been sustained by him through the negligence of the defendants. By a contract in writing between Hartwell and the Gas Company it was agreed that Hartwell should do all the teaming for the Gas Company, furnish teams and drivers satisfactory to the Gas Company, and that the teaming should be done, "in accordance with the directions of the Superintendents of the Company." Plaintiff was employed in the Van Buren street tunnel, and had occasion to pass in and out of the eastern entrance to the tunnel, which was alongside of a public alley and about twenty feet deep. The Gas Company was putting a gas oven in a building fronting on the alley, and for use in that work Leo Smith, a driver for Hartwell, by direction of the Gas Company, drove a horse hitched to a wagon of Hartwell, on which were appliances for cutting threads on gas pipes and about a dozen pieces of gas pipe, into the alley and stopped near the eastern entrance to the tunnel. To cut

threads on the pipes it was necessary that the pipe on the wagon should be unloaded, and Smith took the pipe from the wagon and laid it down in the alley. Plaintiff was injured by a piece of gas pipe falling into the tunnel at its eastern entrance and striking him on the head. The work of threading the pipe and putting it in place was done by Dawson, a gas fitter employed by the Gas Company.

The second count of the declaration alleges that defendants were engaged in fitting gas pipe in a public alley near the entrance to said tunnel, and that plaintiff was employed in the tunnel near said entrance below and near the place where defendants were working; that defendants negligently, etc., piled a pile of round gas pipe near said entrance, whereby, because of such negligence, a piece of gas pipe was caused to roll and fall into said tunnel and struck and injured plaintiff.

Before the trial Hartwell paid plaintiff $250 and he dismissed the suit against Hartwell and gave him a covenant not to sue. The jury found the Gas Company guilty and assessed plaintiff's damages at $2,854.00. Plaintiff remitted $1,854.00, had judgment for $1,000, and the defendant appealed.

SEARS, MEAGHER & WHITNEY, for appellant; JAMES F. MEAGHER, EDWIN HEDRICK, JR., and FREDERICK A. FREEARK, of counsel.

B. J. WELLMAN, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

It is well settled that a person admitted to be in the general employment of one person may, with his consent, be transferred to another in such a way as to become the servant of that other in the business for which he was transferred. If men are furnished by

one person to another to do certain work, and are placed under the exclusive control of that other in the performance of the work, those men become *pro hac vice* the servants of him to whom they are furnished. But the mere fact that a servant is sent to do work pointed out to him by a person who has made a bargain with his master, does not make him that person's servant. If the person who sends the servant retains the control and direction of him, he remains his servant and he is responsible for his negligence, though the work is done for the benefit of the person to whom he is sent. The Gas Company indicated the work to be done by Smith, but Smith was not subject to the general orders of the Gas Company, and we think that on the facts disclosed by the evidence Smith, in all that he did, was doing the work of Hartwell, and was Hartwell's servant and not the servant of the Gas Company. Driscoll v. Towle, 181 Mass. 416, cited with approval in Harding v. St. Louis Nat. Stock Yards, 242 Ill. 444, 451; Standard Oil Co. v. Anderson, 212 U. S. 215.

But the conclusion thus reached is not decisive against the liability of the Gas Company to the plaintiff for his injuries. The wagon was hired by the Gas Company; the work in hand was the work of that Company. In placing the wagon in the alley, preparing to thread pipe there by means of the appliances on the wagon, the Gas Company was doing its own work.

Cars were continually passing in and out of the tunnel and this was known, or by the exercise of reasonable care would have been known, to the servant of the Gas Company in charge and control of the work in the alley. Plaintiff was properly on one of the cars coming out of the tunnel, and the servant of the Gas Company knew, or would have known if he had given the matter reasonable care and attention, that if through his negligence a piece of gas pipe fell into

the tunnel it was liable to strike and injure any one passing in or out of the tunnel. We think that on the facts shown by the evidence it became the duty of the Gas Company to exercise reasonable care in the performance of the work in which it was engaged in the alley to prevent a piece of gas pipe from falling into the tunnel, and this independent of the existence of any contractual relation between the Company and a person who was properly in a place where he was liable to be injured by the falling of a piece of pipe into the tunnel.

From the evidence the jury might properly find that while the work of unloading was done by Smith, the power and authority to direct where the pipe should be placed was vested in Dawson, the representative of the Gas Company, and might further find, although the evidence on that point is conflicting, that the pipe was laid or piled on the surface of the alley within three or four inches of the edge of the tunnel, and so piled and in such a place that if anything struck the pipe a piece was liable to fall into the tunnel.

The horse hitched to the wagon became restive and Smith started to go from the rear end of the wagon to the horse to quiet him and in doing so stumbled; "happened to step on this piece of pipe and it went over into the tunnel." The piece of pipe that fell into the tunnel was two feet long. The Gas Company was not liable for the negligence of Smith, if it was negligence, in stepping on or striking his foot against the piece of gas pipe; but we think that from the evidence the jury might properly find that the Gas Company was guilty of negligence in permitting the pipe to be piled in the place and manner in which it was piled, and that the injury to the plaintiff was caused by the combined negligence of the Gas Company and of Smith.

The evidence tends to show that the outer plate of plaintiff's skull was fractured, that serious results followed, interfering with his ability to labor for a long time, but that no evidence of complications was visible at the time of the trial, three years and a half after the injury. We cannot say that the amount of plaintiff's recovery is excessive.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*